UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL F. CRESPO-PESANTEZ,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, DAVID WESLING, Field Office Director, DAVID VENTURELLA, Acting Director U.S. Immigration and Customs Enforcement, MARKWAYNE MULLIN, Secretary of Department of Homeland Security, TODD BLANCHE, Acting U.S. Attorney General,<br><br>Respondents. | CIVIL ACTION NO. 26-cv-14359-WGY |

YOUNG, D.J. October 15, 2026

**ORDER**

The Court has reviewed Petitioner Daniel F. Crespo-Pesantez's Petition for Writ of Habeas Corpus under 28 U.S.C. 2241 ("Petition" or "Pet."), ECF No. 1, and Respondents' Response to Petitioner's Habeas Petition ("Resp."), ECF No. 7.

Petitioner claims he was unlawfully arrested and detained by federal immigration agents in violation of his constitutional rights. Pet. ¶¶ 1-3. In response, Respondents argue the Petition must be denied as insufficiently pled and Petitioner's detention, as an alien with a reinstated removal order, does not

violate his due process rights. Resp. at 1. Respondents argue Petitioner filed this action "without including sufficient detail to establish his immigration status or any other facts to support his legal conclusion that his detention is unlawful or that entitles him to relief." Id. at 3. Respondents argue the Petition contains primarily "threadbare recitals" of statutory violations and unconstitutionality unsupported by any factual development. Id.; Chavez Lopez v. Moniz, No. 26-cv-10078-FDS, ECF. No. 7 at 2 (D. Mass. Jan. 22, 2026) (Saylor, J.). The Court agrees.

In Chavez Lopez, Judge Saylor expressly provided petitioner's guidance on the information that is necessary "at a minimum" to meet the pleading requirement in this sort of a civil case, including:

> (1) petitioner's citizenship and nationality; (2) the circumstances of his entry into the United States, including when it occurred, whether it occurred at a port of entry, whether he was encountered by immigration officials, and any information or documentation he received concerning the terms on which he was released into the United States; (3) whether petitioner has remained in the United States continuously since his initial entry; and (4) a prayer for relief that clarifies whether petitioner claims that the writ should issue based on a violation of his Fifth Amendment due-process rights, as the original petition suggests, or whether he also alleges a statutory violation as a basis for issuing the writ.

No. 26-cv-10078-FDS, ECF. No. 7 at 2; see also Loja Mayancela v. Hyde, No. 1:26-cv 11105-ADB, ECF. No. 8 (D. Mass. March 24,

2026) (Burroughs, J.) (same); Romero Cornejo v. Blanche, No. 1:26-cv-13871-ADB, ECF NO. 8 (D. Mass. Sept. 4, 2026) (Burroughs, J.) (agreeing with the government that the Petition lacks key information on which the Court must rely to determine the constitutionality of his detention). Here, the Petitioner simply alleges that he is an Ecuadorian national unlawfully arrested and detained by immigration agents in Massachusetts. Pet. ¶¶ 1-13. The Court agrees with Respondents that the Petition lacks key information for the Court to determine the constitutionality of Petitioner's detention. Resp. at 3-5.

Accordingly, the Petition, ECF No.1, is **DENIED** with leave to file an amended petition within 21 days, which should fully set forth the factual basis for Petitioner's challenge to his detention, including the missing information identified by Respondents, see id., and state the legal basis for his challenge in light of those facts.

**SO ORDERED.**

William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[1]

[1] This is how my predecessor, Peleg Sprague (D. Mass 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 48 years.